UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RUTHIE KENNEDY, | Case No. 12-CV-2917 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN COLVIN, | |
| Defendant. | |

---

Daniel L. McGarry, MCGARRY LAW OFFICE, for plaintiff.

Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for defendant.

This matter is before the Court on the objection of defendant and Acting Commissioner of Social Security Carolyn Colvin to the February 7, 2014 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel.  In that R&R, Judge Noel recommends that plaintiff Ruthie Kennedy's motion for summary judgment be granted, that Colvin's motion for summary judgment be denied, and that this case be remanded to the Social Security Administration for further proceedings.

Judge Noel concludes that remand is necessary for three reasons.  First, Judge Noel finds that the Administrative Law Judge ("ALJ") who evaluated Kennedy's claim improperly attempted to segregate the effects of Kennedy's drug and alcohol abuse before first determining whether Kennedy was disabled.  *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003) ("Only after the ALJ has made an initial determination" that the claimant is disabled "may he then reach a conclusion on whether [the claimant's] substance use disorders are a contributing factor material to the determination of disability.").  Second, Judge Noel finds that the ALJ erred

in failing to explicitly consider the opinions of licensed marriage and family therapists Teresa Moore and Andrea Mousel. And third, Judge Noel finds that the ALJ gave undue weight to the opinions of Dr. Alford Karayusuf, Dr. Karen Butler, and Dr. B.R. Horton.

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Noel that this case must be remanded due to the ALJ's failure to determine whether Kennedy was disabled before attempting to segregate the effects of her substance abuse. The Court also agrees with Judge Noel that the ALJ erred in failing to consider the opinions of Moore and Mousel. The Court finds, however, that the ALJ did not err by affording undue weight to the opinions of Karayusuf, Butler, and Horton. The Court therefore adopts the R&R insofar as it is consistent with this order and remands this case to the Social Security Administration.

## A. Drug and Alcohol Abuse

Under 20 C.F.R. § 416.935, the ALJ must decide whether a claimant is disabled by "using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders." *Brueggemann*, 348 F.3d at 694; *see also* 20 C.F.R. § 404.1535.[1] "If the gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent." *Id.* at 694-95. "Only after the ALJ has made an initial determination 1) that [the claimant] is disabled, 2) that drug or alcohol use is a concern, and 3) that substantial evidence on the record shows

---

[1] *Brueggemann* applied § 404.1535, whereas this case requires application of § 416.935. The parties appear to agree, however, that *Brueggemann* applies with equal force to § 416.935 (which is substantially identical to § 404.1535), and the Court follows their lead.

what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether [the claimant's] substance use disorders are a contributing factor material to the determination of disability." *Id*. at 695.

In this case, the ALJ failed to conduct the first step of the analysis required by § 416.935 and *Brueggemann*. In other words, the ALJ failed to determine whether Kennedy was disabled without segregating the effects of substance abuse. Instead, in assessing Kennedy's residual functional capacity, the ALJ remarked that certain statements from Kennedy and evidence in the record "show the claimant continues to struggle with drug and alcohol abuse and suggests that her alleged limitations are not solely from mental impairments alone." Tr. at 15. Because the ALJ failed to follow the required procedure, the Court simply cannot tell whether (1) the ALJ would have found Kennedy disabled without regard to the source of her limitations, and, if so, (2) whether the ALJ would have found Kennedy disabled after disregarding the limitations that he found attributable to her drug and alcohol abuse. *See Brueggemann*, 348 F.3d at 693 ("[T]he ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding.").

Colvin's defense of the ALJ is syllogistic: Section 416.935 applies only "[i]f we find that you are disabled . . . ." 20 C.F.R. § 416.935(a). The ALJ found that Kennedy was not disabled. Therefore, § 416.935 does not apply, and the ALJ did not err when he segregated the effects of Kennedy's drug and alcohol abuse.

The problem with Colvin's argument is that § 416.935 presupposes that, in determining whether the claimant is disabled, the ALJ will follow the correct procedure. In other words, § 416.935 assumes that the ALJ will *first* determine whether the claimant is disabled (ignoring

the question of whether she is disabled because of drug and alcohol abuse), and *then* determine whether the claimant would be disabled but for her abuse of drugs and alcohol. The ALJ failed to follow this procedure. Instead, the ALJ expressed only the conclusion that, after disregarding the impact of substance abuse, Kennedy was not disabled. That was clearly a mistake. *See Brueggemann*, 348 F.3d at 694.

Moreover, given the ALJ's failure to develop the record as to whether Kennedy was disabled when including the effects of substance abuse, the Court cannot conclude that the ALJ's error was harmless. A major purpose of the procedure set forth in § 416.935(a) and *Brueggemann* is to facilitate judicial review by making transparent the ALJ's reasoning. As the Court has explained, because the ALJ did not use the correct procedure, the Court simply cannot follow his reasoning — and because the Court cannot follow his reasoning, the Court cannot determine whether his decision was factually and legally sound. Accordingly, remand is necessary for the ALJ to evaluate Kennedy's claim of disability using the procedure contemplated by § 416.935(a) and *Brueggemann*. *See also Thompson v. Astrue*, 764 F. Supp. 2d 1132, 1145-47 (D. Minn. 2011); *Pepe v. Astrue*, Case No. 10-CV-0336 (DWF/FLN), 2010 WL 5609463, at *9-10 (D. Minn. Dec. 23, 2010).

### B. Failure to Weigh or Consider Opinions of Moore and Mousel

The Court also agrees with Judge Noel that the ALJ erred by failing to consider the opinions of licensed marriage and family therapists Teresa Moore and Andrea Mousel. An ALJ must consider all medical opinions in the claimant's record. *See* 20 C.F.R. § 416.927(b); *Gulick v. Colvin*, Case No. C13-4038-MWB, 2014 WL 197727, at *10-11 (N.D. Iowa Jan. 17, 2014). The ALJ failed to even *mention* the opinions provided by Moore and Mousel, much less

weigh those opinions. *See* Tr. at 17. This, too, was a mistake. On remand, the ALJ should explicitly consider every opinion in the medical record, including the opinions of Moore and Mousel.

Colvin contends that the ALJ's mistake was harmless, as Moore and Mousel did not really offer opinions about Kennedy, but simply recorded Kennedy's subjective complaints. There is some truth to this characterization, and thus the ALJ may choose, on remand, to afford little weight to the opinions of Moore and Mousel. But the opinions of Moore and Mousel are not so deficient that the ALJ is justified in ignoring them altogether. It is true that much of Moore's and Mousel's reports are comprised of notes of Kennedy's subjective complaints, but the reports also reflect Moore's and Mousel's own opinions about Kennedy. *See, e.g.*, Tr. at 405 ("Has a very difficult time keeping her train of thought."). Moreover, contrary to Colvin's argument, Kennedy's medical records do not show a uniform pattern of improvement after she saw Moore and Mousel. *See id*. at 437 (indicating that Kennedy was entertaining suicidal thoughts). Accordingly, the Court cannot conclude that the ALJ would have reached the same conclusion had he considered the opinions of Moore and Mousel.

### C. Weight Assigned to Medical Sources

Finally, the R&R concludes that remand is necessary because the ALJ placed too much weight on the opinions of three evaluators: (1) treating psychiatrist Dr. Alford Karayusuf; (2) medical consultant Dr. Karen Butler; and (3) state agency psychological consultant Dr. B.R. Horton. None of these three evaluators had access to approximately 90 pages of medical records that were entered into the administrative record after Kennedy's hearing before the ALJ. Nevertheless, the ALJ afforded "great weight" to Karayusuf's opinion, "significant probative

weight" to Butler's opinion, and some weight to Horton's opinion. *See* Tr. at 17. Because these evaluators did not review the complete medical record, Judge Noel found that the ALJ placed too much weight on their opinions and that remand was required "for the ALJ to consider the extent to which the sources were familiar with other information in the case record." R&R at 31.

The Court respectfully disagrees. The mere fact that an evaluator does not have access to the entire medical record "does not prevent the ALJ from assigning significant weight to his assessment if the ALJ conducted an independent review of the evidence, which included treatment notes the consultant had not considered." *Carter v. Astrue*, 886 F. Supp. 2d 1093, 1112 (N.D. Iowa 2012). The ALJ in this case clearly conducted an independent review of the additional documents, as he cites to those documents throughout his order. *See* Tr. at 14, 15, 16. Further, the ALJ explained that he "considered opinion evidence in accordance with the requirements of 20 CFR § 416.927 . . . ." Tr. at 13. That provision requires that the ALJ consider "the extent to which an acceptable medical source is familiar with the other information in your case record . . . ." 20 C.F.R. § 416.927(c)(6). Although the ALJ did not mention this factor specifically, the ALJ is not required to specifically address each § 416.927 factor. *See, e.g.*, *Roesler v. Colvin*, Case No. 12-CV-1982 (JRT/JJK), 2013 WL 4519388, at *5 n.5 (D. Minn. Aug. 26, 2013). Finally, the ALJ was undoubtedly aware that the three evaluators had not had an opportunity to review these documents, as the documents postdated the opinions given by Karayusuf and Horton and were not yet part of the record when Butler provided her opinion.

After reviewing the entire record, the ALJ found that the opinions of Karayusuf, Butler, and Horton were generally consistent with that record (including the documents submitted after the hearing), and he weighed those opinions accordingly. The Court therefore finds that the ALJ

did not place undue weight on the opinions of Karayusuf, Butler, and Horton, and the Court declines to adopt the R&R insofar as it is inconsistent with this finding. Remand is nevertheless required for the reasons described above.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court adopts the February 7, 2014 R&R [ECF No. 30] to the extent that it is consistent with this order. Accordingly, IT IS HEREBY ORDERED THAT:

1. The motion for summary judgment of defendant Carolyn Colvin [ECF No. 24] is DENIED.

2. The motion for summary judgment of plaintiff Ruthie Kennedy [ECF No. 18] is GRANTED.

3. The decision of Administrative Law Judge Richard N. Staples dated March 25, 2011 is REVERSED.

4. This case is REMANDED to the Social Security Administration for further proceedings consistent with this order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 13, 2014          s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge